UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RENE C. RISO,

                                                                             <u>DECISION AND ORDER</u>

                                  Plaintiff,

                                                                             18-CV-6863L

                    v.

ANDREW SAUL,
Commissioner of Social Security,

                                                  Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On June 22, 2015, plaintiff, then forty-nine years old, filed an application for supplemental security income, alleging an inability to work as of February 1, 2015. (Administrative Transcript, Dkt. #6 at 10). Her application was initially denied. Plaintiff requested a hearing, which was held on October 23, 2017 before Administrative Law Judge ("ALJ") John P. Costello. Plaintiff did not appear at the hearing, and the ALJ found she constructively waived it.

The ALJ issued an unfavorable decision on December 6, 2017, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #6 at 10-20). That decision became the final decision of the Commissioner when the Appeals Council denied review on October 3, 2018. (Dkt. #6 at 1-2). Plaintiff now appeals.

The plaintiff has moved for remand of the matter for further administrative proceedings (Dkt. #12), and the Commissioner has cross moved (Dkt. #14) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records reflecting treatment for cervical stenosis, lumbar disc herniation, depression and anxiety disorder, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #6 at 12).

The ALJ found that plaintiff had the residual functional capacity ("RFC") to perform light work with no repetitive lifting, twisting or stooping; simple routine tasks; occasional interaction with coworkers and the general public; and low stress work, defined as work involving occasional decision making. (Dkt. #6 at 15). Based on this finding and with reference to "testimony" by vocational expert Peter A. Manzi, the ALJ concluded that plaintiff's RFC permitted her to perform the representative light positions of linen matcher and photocopy machine operator. (Dkt. #6 at 19).

**I.      Medical Opinions of Record**

In discussing the medical opinions of record, the ALJ assigned "great" weight to the opinions of consulting internist Dr. Harbinder Toor and consulting psychologist Dr. Adam Brownfield, noting that Dr. Toor's opinion was "consistent with the evidence of record," and providing no reasoning for the weight assigned to Dr. Brownfield. (Dkt. #6 at 17). Plaintiff claims that the ALJ's RFC finding failed to accurately reflect the limitations opined by Dr. Toor and Dr. Brownfield, despite purporting to give them each "great" weight.

With respect to Dr. Brownfield, the Court finds no discrepancy between his opinion and the ALJ's RFC finding. Although Dr. Brownfield opined that plaintiff was "moderately to markedly limited in appropriately dealing with stress," it is well settled that limitations such as simple routine tasks and occasional interaction with coworkers and the public – both of which the ALJ included in plaintiff's RFC – are sufficient to account for marked limitations in handling stress. *See Blocker v. Saul*, 2020 U.S. Dist. LEXIS 7548 at *16 (W.D.N.Y. 2020); *Uplinger v. Berryhill*, 2019 U.S. Dist. LEXIS 164403 at *18 (W.D.N.Y. 2019); *Herb v. Commissioner*, 366 F. Supp. 3d 441, 447 (W.D.N.Y. 2019). As such, the ALJ did not fail to incorporate Dr. Brownfield's opinion into his RFC finding.

Turning to Dr. Toor's opinion, Dr. Toor assessed "mild to moderate" limitations in reaching and twisting of the cervical spine, "moderate" limitations in standing, walking and sitting, "moderate to marked" limitations in bending and lifting, and a need to avoid irritants that could exacerbate asthma. (Dkt. #6 at 426).

Plaintiff first argues that the opinion is unduly vague, due to Dr. Toor's use of terms such as "mild," "moderate" and "marked." This Court has rejected a bright-line rule that terms such as "mild" and "moderate" are always too vague: "if the examiner conducts a thorough examination

3

and explains the basis for the opinion," an ALJ may rely upon it notwithstanding the use of vague terminology. *Myrick v. Commissioner*, 2019 U.S. Dist. LEXIS 210940 at *13-*14 (W.D.N.Y. 2019). *See also Beckles v. Commissioner*, 2019 U.S. Dist. LEXIS 148587 at *16-*17 (W.D.N.Y. 2019) (physician's opinion concerning "mild" limitations was not unduly vague, where it was based on medical examination, evaluation and observation, and imaging tests); *Kelly v. Saul*, 2019 U.S. Dist. LEXIS 210507 at *14 (N.D.N.Y. 2019) (an opinion using vague terms may comprise substantial evidence where it is paired by "medical evidence included in addition to the functional assessment, which the ALJ explicitly relie[s] upon").

Nonetheless, while Dr. Toor's use of terms such as "mild," "moderate" and "marked" does not render his opinion unduly vague in light of the fact that it was based on an in-person examination with a host of objective findings (e.g., positive straight leg raising tests, cervical and lumbar spine flexion of 20 degrees and extension of 0 degrees, full strength in extremities and hands, spirometric testing showing restrictive lung disease), the ALJ's translation of that opinion into an RFC with appropriate limitations was vague and incomplete, for reasons not sufficiently explained by the ALJ. (Dkt. #6 at 422-26). As such, remand is appropriate.

For example, despite Dr. Toor's opinion that plaintiff has "moderate to marked" limitations with respect to bending and lifting – which have in some cases been found to be incompatible with light work, and would in any event preclude the performance of bending or lifting more than "occasionally" – the ALJ's RFC finding assumed, without explanation, that plaintiff was capable of light work, which includes the ability to lift 10 pounds frequently and 20 pounds occasionally, and specified only that stooping and lifting activities be "no[t] repetitive." (Dkt. #6 at 15). *See generally Jeffrey A. v. Commissioner*, 2020 U.S. Dist. LEXIS 43718 at *28 (N.D.N.Y. 2020) (remand is appropriate where ALJ does not explain how moderate to marked limitations in, inter

4

alia, lifting and bending, are consistent with light work); *Buczynski v. Commissioner*, 2019 U.S. Dist. LEXIS 185998 at *9 (W.D.N.Y. 2019) (exertional and postural limitations that reach the level of "marked" are generally inconsistent with an RFC that would permit performance of the limited activities with "occasional" or greater frequency); *Otts v. Colvin*, 2016 U.S. Dist. LEXIS 157211 at *11 (W.D.N.Y. 2016) (remand is appropriate where ALJ did not explain how plaintiff could perform light work, despite physician's opinion that she had a "moderate to marked" restriction for lifting).

Similarly, the ALJ failed to explain the reasoning for his conclusion that plaintiff's "mild to moderate" limitations in reaching were consistent with the ability to reach "frequently," as required for both of the positions the Commissioner relied upon to demonstrate that there was other work plaintiff could perform. *See Grimmage v. Commissioner*, 2018 U.S. Dist. LEXIS 147377 at *8-*9 (W.D.N.Y. 2018) (remand is appropriate where ALJ provided no explanation for his conclusion that that moderate limitations in reaching were consistent with the ability to reach frequently). *See also Champion v. Saul*, 2020 U.S. Dist. LEXIS 38218 at *15 (E.D. Mo. 2020) (lens matcher position requires frequent reaching); *Spears v. Colvin*, 2016 U.S. Dist. LEXIS 127084 at *9 (W.D.N.Y. 2016) (photocopy machine operator position requires frequent reaching). Finally, the ALJ's RFC finding included no limitations concerning respiratory irritants, despite Dr. Toor's finding of evidence of restrictive lung disease, and his opinion that plaintiff should avoid asthma triggers.

Because the ALJ's RFC determination does not explain the reasons why Dr. Toor's opinion, which was given "great' weight, was not fully incorporated therein, and because Dr. Toor's opinion was the only objective evidence of record purporting to measure plaintiff's ability to perform the exertional demands of work, remand is necessary for the ALJ to explain how his

5

RFC finding accounted for the limitations described by Dr. Toor, and/or upon what basis he rejected them. *See e.g.*, *Jeffery A.*, 2020 U.S. Dist. LEXIS 43718 at *30-*31 ("[]in the absence of a medical opinion to support the ALJ's finding as to [Plaintiff]'s ability to perform [light] work, it is well-settled that the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion . . . . [W]hile an [ALJ] is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who [submitted an opinion to or] testified before him") (quoting *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (internal quotation marks and citations omitted).

**II.     The Commissioner's Burden To Prove Plaintiff Can Perform Other Work**

As noted above, the plaintiff did not appear at her scheduled hearing, and it is unclear what the ALJ was referring to when he stated that he "asked the vocational expert" to identify jobs an individual with plaintiff's RFC could perform, and made conclusions that she could perform the positions of linen matcher and photocopy machine operator based on the expert's "testimony." (Dkt. #6 at 19). While the record contains a copy of the vocational expert's resume (Dkt. #6 at 212-21), it does not appear to include any transcripts of hearing testimony or any written reports by the expert. The ALJ did not cite to any such evidence, neither party identifies any exhibits reflecting it, and the Court's review of the record has failed to unearth it.

As such, the Court is unable to meaningfully assess whether the Commissioner met his burden to prove that there are other positions in the economy that plaintiff can perform, whether the hypothetical RFC posed to the vocational expert properly reflected the ALJ's eventual RFC findings, or whether the ALJ appropriately or even accurately relied on the vocational expert's testimony. Indeed, as plaintiff points out, the Dictionary of Occupational Titles ("DOT") code cited by the ALJ in his decision for the [non-existent] position of "linen matcher" (DOT 713.687-

6

030) is actually the code for optical industry "lens matcher." (Dkt. #6 at 19). To the extent that the ALJ, on remand, relies upon vocational expert reports or testimony to support his findings, such reports or testimony must be included in the record.

I have considered the rest of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was not supported by substantial evidence. The plaintiff's motion for judgment on the pleadings (Dkt. #12) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is denied, and this matter is remanded for further proceedings.

On remand, the ALJ is directed to reassess plaintiff's RFC in light of the weight afforded to Dr. Toor's opinion, and if necessary, to recontact Dr. Toor for clarification. The ALJ should issue a new decision which includes a function-by-function assessment of plaintiff's limitations, and explains how substantial evidence of record supports each limitation included in the RFC finding (and also explains the reasons for rejecting any of the limitations included in Dr. Toor's opinion, but not adopted into the RFC finding). To the extent that the ALJ's new decision relies upon vocational expert testimony to support his findings, such testimony must be included in the record.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
   March 30, 2020.